UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE COBLEIGH, Plaintiff, v. ARNOLD SCOTT HARRIS, P.C., Defendant. | CIVIL COMPLAINT CASE NO. 1:21-cv-02783 DEMAND FOR JURY TRIAL |

### COMPLAINT

**NOW COMES** Rose Cobleigh ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Arnold Scott Harris, P.C., ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within Illinois.

#### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a nationwide debt collection agency with its principal place of business located 111 West Jackson Boulevard, Suite 600 Chicago, Illinois. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around March 20, 2021, Defendant began placing collection calls to Plaintiff's telephone number (773) XXX-7875.

7. Plaintiff was perplexed why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her.

8. Defendant was attempting to collect an alleged debt ("alleged debt") owed by an individual by the name of "Dorothia."

9. Plaintiff *never* provided her telephone number to Defendant.

10. Soon after the calls began, Plaintiff answered a call and informed Defendant that she was not "Dorothia."

11. Plaintiff also demanded that Defendant stop calling her.

12. Despite knowing that Plaintiff was not "Dorothia" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an excessive and harassing rate.

13. Despite Plaintiff's demands that Defendant's phone calls cease, Defendant continued its phone harassment campaign.

14. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

15. Defendant has used numerous phone numbers to place collection calls to Plaintiff's home phone number, including but not limited to (312) 380-4080.

16. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's home phone.

**DAMAGES**

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, emotional distress and anguish, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, and diminished value and utility of telephone equipment.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

25. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(2), e(4), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

29. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified through automated system to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and the alleged debt did not belong to her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

30. Moreover, Defendant was notified by Plaintiff that she is not the individual it was looking for as such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA § 1692d

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she did not owe the alleged debt.

32. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing pre-recorded phone calls to Plaintiff's telephone from March 2021 through the present day, without his prior consent.

### c. Violations of FDCPA § 1692e

33. Defendant violated §1692e, e(2), e(4), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via a pre-recorded voice system when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

34. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to drag on Plaintiff into making a payment that she did not legally owe. Placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

37. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ROSE F. COBLEIGH respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

6

Dated: May 24, 2021                           Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com